UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | CRIMINAL NO. 3:03CR81 (CFD) |
| | : | |
| ALEJANDRO BATISTA | : | April 18, 2008 |

**GOVERNMENT'S NOTICE REGARDING MOTION TO REDUCE
SENTENCE PURSUANT TO 18 U.S.C. § 3582(c)**

On December 12, 2005, the defendant, Alejandro Batista, was sentenced to 120 months' incarceration, after the Court downwardly departed from a sentencing range of 168-210 months over the government's objection. The defendant is not due to be released from incarceration until May 7, 2011. Although the defendant has not yet sought relief based upon the changes to the crack cocaine guidelines, which were passed by the Sentencing Commission on November 1, 2007, he would be eligible for the reduction if the Court believed in its discretion that such a reduction were warranted. For the reasons discussed below, in light of the reasons for the initial sentence, the Court could choose *not* to reduce the defendant's sentence. The government respectfully defers to the Court's discretion on the issue of whether to impose a lower sentence in this case. Should the Court choose to issue an amended judgment, the government requests that the Court not reduce the defendant's sentence below 96.4 months, which would be the sentence crediting the defendant for a full two-level reduction in the crack cocaine guidelines and a proportional additional reduction reflecting the downward departure.[1]

---

[1] Title 18, United States Code, Section 3582(c) does not provide for the government to file a motion to modify which can be filed by the Bureau of Prisons, the defendant or on the Court's own motion.

I.      BACKGROUND

Between March 13, 2002, and August 21, 2002, on nine separate occasions, Batista sold cocaine and/or crack to undercover officers. The drugs sold did not exceed 15 net grams crack on any one sale, but totaled in excess of 50 grams and less than 150 grams cocaine base for all the sales combined. The defendant pled guilty to one of these sales, but agreed that his guidelines be driven by the drug quantity of the combined sales. His plea subjected the defendant to a five year mandatory minimum sentence and a significantly higher guidelines sentence. Under the terms of the plea agreement, the defendant stipulated to certain issues (e.g., drug quantity), but left other issues open for potential resolution prior to sentencing, including the defendant's role in the offense and whether an enhancement was appropriate for gun possession. The original PSR accurately set forth the factual background, but did not include in the Offense Level Computation section all applicable enhancements. The Third Addendum to the PSR, relying on facts in the PSR, corrected the proposed guidelines calculation resulting in a total offense level of 33, comprised of a base offense level of 32 (based on stipulated drug quantity), a two level enhancement for role in the offense, another two level enhancement for possession of firearms, and a reduction of three levels for acceptance of responsibility. The Court adopted this calculation and resulting sentencing range of 168-210 months incarceration as the applicable guidelines sentencing range.

Over the government's objection, the defendant argued for a reduced sentence in light of certain alleged mitigating factors, including alleged childhood abuse and the defendant's mental health. The government maintained that a guidelines sentence was entirely appropriate given the defendant's recidivism, history of violence and association with firearms. As the PSR noted, agents seized from the defendant's residence, narcotics, four sets of brass knuckles, one bulletproof vest and

a pistol holder. PSR ¶ 12. The defendant was seen at different times in the possession of an AK-47 and a black sawed-off shot gun. PSR ¶ 13. the defendant admitted possessing the AK-47, a 12 gauge shotgun, a .357 Ruger handgun, and a .45 caliber handgun. PSR ¶ 14. He would use the AK-47 to intimidate dealers and customers. Id.; PSR ¶ 15. The defendant also had gang tattoos, and a checkered criminal past, including sale of narcotics conviction and a juvenile record that included burglary and assault. ¶¶ 26, 27, 31.

## II.     DISCUSSION

### A. Potential New Sentence Under Application of Amendment 706

On November 1, 2007, the Sentencing Commission amended the cocaine base guidelines provided for under U.S.S.G. § 2D1.1(c). The amendment in question, Amendment 706, effective November 1, 2007, reduced the base offense level for most crack cocaine offenses.[2] In Amendment 706, the Commission generally reduced by two levels the offense levels applicable to crack cocaine offenses. The Commission reasoned that, putting aside its stated criticism of the 100:1 ratio applied by Congress to powder cocaine and crack cocaine offenses in setting statutory mandatory minimum penalties, the Commission could respect those mandatory penalties while still reducing the offense levels for crack offenses. See U.S.S.G., Supplement to App. C, Amend. 706. Previously, the Commission had set the crack offense levels in Section 2D1.1 above the range which included the mandatory minimum sentence. Under the amendment, the Commission has set the offense levels so that the resulting guideline range includes the mandatory minimum penalty triggered by that amount, and then set corresponding offense levels for quantities which fall below, between, or above

---

[2] Amendment 706 was further amended in the technical and conforming amendments set forth in Amendment 711, also effective November 1, 2007.

quantities which trigger statutory mandatory minimum penalties.[3] The final result of the amendment is a reduction of two levels for each of the ranges set in the guidelines for crack offenses.[4]

In this case, the two-level reduction suggested by Amendment 706 results in an adjusted offense level of 31 and a guideline incarceration range of 135-168 months.

In authorizing a reduced sentence based on a retroactive amendment to a guideline, the Sentencing Commission stated: "If the original term of imprisonment was less than the term of imprisonment provided by the guideline range applicable to the defendant at the time of sentencing, a reduction comparably less than the amended guideline range determined under subdivision (1) may be appropriate. . . ." U.S.S.G. § 1B1.10(b)(2)(B) app. note 3. The application note provides an instructive example:

> For example, in a case in which: (1) the guideline range applicable to the defendant at the time of sentencing was 70 to 87 months; (2) the defendant's original term of imprisonment imposed was 56 months (representing a downward departure of 20 percent below the minimum term of imprisonment provided by the guideline range applicable to the defendant at the time of sentencing); and (3) the amended guideline range determined under subsection (b)(1) is 57 to 71 months, a reduction to a term of imprisonment of 46 months (representing a reduction of approximately 20 percent below the minimum term of imprisonment provided by the amended guideline range determined under subsection (b)(1)) would amount to a comparable reduction and may be appropriate.

---

[3]For example, a trafficking offense involving five grams of crack cocaine requires a statutory mandatory minimum sentence of five years imprisonment. See 21 U.S.C. § 841(b)(1)(B). Therefore, the revised guideline applies an offense level of 24 to a quantity of cocaine base ("crack") of at least five grams but less than 20 grams; at criminal history category I, this level produces a range of 51-63 months (encompassing the 60-month mandatory minimum).

[4]At the high end, the guideline previously applied offense level 38 to any quantity of crack of 1.5 kilograms or more. That offense level now applies to a quantity of 4.5 kilograms or more; a quantity of at least 1.5 kilograms but less than 4.5 kilograms falls in offense level 36. At the low end, the guideline previously assigned level 12 to a quantity of less than 250 milligrams. That offense level now applies to a quantity of less than 500 milligrams.

§ 1B1.10, comment. (n. 3).

Here, the bottom of the original guideline range was 168, and the Court imposed a sentence of 120 months, which was 48 months below the bottom of the guideline range, a 29% reduction. Thus, the reduction authorized, albeit not required, by the Sentencing Commission is 29% below 135 months, the low end of the new guidelines range -- a departure down to a sentence as low as 96.4 months.

On December 11, 2007, the Commission added Amendment 706 to the list of amendments stated in Section 1B1.10(c) which may be applied retroactively, effective March 3, 2008. Congress has delegated to the Sentencing Commission the sole authority to permit the retroactive application of a guideline reduction, and no court may alter an otherwise final sentence on the basis of such a retroactive guideline unless the Sentencing Commission expressly permits it. See, e.g., United States v. Perez, 129 F.3d 255, 259 (2d Cir. 1997); United States v. Thompson, 70 F.3d 279, 281 (3d Cir. 1995); United States v. McHan, 386 F.3d 620, 622 (4th Cir. 2004); United States v. Drath, 89 F.3d 216, 218 (5th Cir. 1996); United States v. Dullen, 15 F.3d 68, 70-71 (6th Cir. 1994); Ebbole v. United States, 8 F.3d 530, 539 (7th Cir. 1993); United States v. Wyatt, 115 F.3d 606, 608-09 (8th Cir. 1997); United States v. Cueto, 9 F.3d 1438, 1441 (9th Cir. 1993); United States v. Avila, 997 F.2d 767, 768 (10th Cir. 1993); United States v. Armstrong, 347 F.3d 905, 909 (11th Cir. 2003); see also Pierre Louie v. United States, 2008 WL 114468 at *7 (D. Me. Jan. 1, 2008) (amendment 706 becomes retroactive on March 3, 2008 "meaning, that as of that date, impacted defendants serving eligible sentences may be able to move for a sentence reduction pursuant to 18 U.S.C. § 3582(c)").

Section 3582(c)(2) provides:

[I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

Id.  The Court may act on this motion without the defendant's presence.  U.S.S.G. § 1B1.10(a)(3) clearly states that "proceedings under 18 U.S.C. § 3582(c)(2) and this policy statement do not constitute a full resentencing of the defendant."  In addition, Fed. R. Crim. P. 43(b)(4) explicitly provides that a defendant "need not be present" when the proceeding involves a reduction of sentence under 18 U.S.C. § 3582(c).  Likewise, given the rules and considering the burdens imposed on producing prisoners incarcerated within the Bureau of Prisons, the federal courts of appeal to address this issue have uniformly held that a defendant has no constitutional or statutory right to be present in connection with a motion filed under Section 3582(c).  See, e.g., Anderson v. United States, 241 Fed. Appx. 625, 629 (11th Cir. July 18, 2007) (unpublished) ("Under Federal Rule of Criminal Procedure 43(b)(4), a defendant's presence at a § 3582(c) sentence correction proceeding is not required") (emphasis in original); United States v. Legree, 205 F.3d 724, 730 (4th Cir. 2000) (same; hearing not required); United States v. Tidwell, 178 F.3d 946, 948-949 (7th Cir. 1999) (same, noting that "a proceeding under 18 U.S.C. § 3582(c) is not a do-over of an original sentencing proceeding where a defendant is cloaked in rights mandated by statutory law and the Constitution").

### B. Sentencing Reduction Is Not Automatic, But Within the Court's Reasoned Discretion.

Although the defendant may qualify for a reduction in sentence under Section 3582(c)(2) and the applicable policy statements of the Commission, a reduction of sentence is not automatic. This Court's discretion is set forth in Section 3582(c)(2) itself, which provides: "the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." Thus, "[t]he grant of authority to the district court to reduce a term of imprisonment is unambiguously discretionary," even when the guideline range is actually reduced. United States v. Vautier, 144 F.3d 756, 760 (11th Cir. 1998);[5] see also United States v. Colon, 961 F.2d 41, 46 (2d Cir. 1992)(stating that district court, in the first instance, had to determine to what extent, if any, it has authority to apply retroactive amendment and whether it wishes to exercise its discretion to do so).

Similarly, section 1B1.10 directs that "the court shall consider the factors set forth in 18 U.S.C. § 3553(a) in determining . . . whether a reduction in the defendant's term of imprisonment is warranted." Id., comment. (n. 1(B)(I)); see also U.S.S.G. § 1B1.10, comment. (backgr'd) ("The authorization of such a discretionary reduction does not otherwise affect the lawfulness of a previously imposed sentence, does not authorize a reduction in any other component of the sentence,

---

[5] In Vautier, the Eleventh Circuit held that the district court did not abuse its discretion in denying a Section 3582(c)(2) motion for reduction of sentence, upon considering the 3553(a) factors. The district court denied the motion, stating that "in light of this Court's expressed concern of the defendant's demonstrated violence and factoring all of the other considerations that went into the establishment of this defendant's sentence, the same sentence would have been imposed under the current amended guidelines." Vautier, 144 F.3d at 759.

and does not entitle a defendant to a reduced term of imprisonment as a matter of right."). All courts are in accord on this point. See United States v. Whitebird, 55 F.3d 1007, 1010 (5th Cir. 1995) (district court permissibly declined to reduce sentence); United States v. Ursery, 109 F.3d 1129, 1137 (6th Cir. 1997); United States v. Coohey, 11 F.3d 97, 101 (8th Cir. 1993); United States v. Wales, 977 F.2d 1323, 1327-28 (9th Cir. 1992); United States v. Mueller, 27 F.3d 494, 497 n.5 (10th Cir. 1994).

"Thus, reading § 3582(c)(2) and the Sentencing Guidelines together, the district court must make two distinct determinations before deciding whether to reduce a defendant's sentence under § 3582(c)(2)." Vautier, 144 F.3d at 760. First, Section 1B1.10(b) directs:

> In determining whether, and to what extent, a reduction in the term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement is warranted, the court shall determine the amended guideline range that would have been applicable to the defendant if the amendment(s) to the guidelines listed in subsection (c) had been in effect at the time the defendant was sentenced . . . .

Id. In other words, "the court must substitute the amended guideline range for the originally applied guideline range and determine what sentence it would have imposed. In undertaking this first step, only the amended guideline range is changed. All other guideline application decisions made during the original sentencing remain intact." Vautier, 144 F.3d at 760.

Then, in the second step, "in light of the conclusion reached in the first step, the court must consider the factors listed in § 3553(a) and determine whether or not to reduce the defendant's original sentence." Id.[6] Subject to the limits set forth in Section 1B1.10(b), the Court may consider

---

[6] The Eighth Circuit has also endorsed and explained at length this two-step procedure. United States v. Hasan, 245 F.3d 682, 684-85 (8th Cir. 2001) (en banc), citing United States v. Wyatt, 115 F.3d 606 (8th Cir. 1997). In United States v. Legree, 205 F.3d 724, 728 (4th Cir. 2000), however, the court stated that it disagreed with the need for or utility of the two-step method. The essence of its ruling was that the district court's proper consideration of the factors

all pertinent information in applying the Section 3553(a) factors and determining whether and by how much to reduce the defendant's sentence. In particular, the Court must consider public safety considerations, and may consider information regarding the post-sentencing conduct or situation of the defendant, whether positive or negative. Revised application note 1(B)(ii) directs that "[t]he court shall consider the nature and seriousness of the danger to any person or the community that may be posed by a reduction in the defendant's term of imprisonment." Revised application note 1(B)(iii) further directs that "[t]he court may consider post-sentencing conduct of the defendant that occurred after the imposition of the original term of imprisonment." The application note explains that these factors are relevant in determining whether and by how much to reduce a sentence, but only within the limits set forth in Section 1B1.10(b).

If this Court decides to reduce a defendant's sentence, the extent of the reduction is strictly limited. Congress delegated to the Sentencing Commission the authority to determine to what extent a sentence may be reduced. See 18 U.S.C. § 3582(c)(2); 28 U.S.C. § 994(u). The Commission, in turn, directed in Section 1B1.10(b) that, with one exception (where the defendant earlier received a below-guideline sentence), "the court shall not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement to a term that is less than the minimum of the amended guideline range determined under subdivision (1)." U.S.S.G. § 1B1.10(b)(2)(A). An application note adds: "Under subsection (b)(2), the amended guideline range determined under subsection (b)(1) and the term of imprisonment already served by the defendant limit the extent to

---

relevant to a Section 3582(c)(2) reduction of sentence, including consideration of the Section 3553(a) factors, may be presumed from the record. The court did not criticize the underlying proposition that a trial court in fact should consider the guideline range as affected only by the guideline amendment, and should then apply the Section 3553(a) factors in determining whether to reduce the sentence. See id.

which the court may reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement. Specifically, if the original term of imprisonment imposed was within the guideline range applicable to the defendant at the time of sentencing, the court shall not reduce the defendant's term of imprisonment to a term that is less than the minimum term of imprisonment provided by the amended guideline range determined under subsection (b)(1)." U.S.S.G. § 1B1.10, comment. (n. 3).[7] Thus, the Court may not reduce the sentence below the range provided by the amended guideline, and "in no case . . . shall the term of imprisonment be reduced below time served." Id., comment. (n. 3).

## III.    CONCLUSION

The government defers to the Court on the issue of whether, pursuant to 18 U.S.C. § 3582(c) and taking into consideration the substantial departure already received by the defendant, the Court should exercise its discretion and lower the defendant's sentence from 120 months' incarceration to a term of incarceration that is no lower than 96.4 months, which is the proportional departure from the bottom of the newly applicable guidelines range of 135-168 months, giving the defendant the full two-level reduction in the crack cocaine guidelines.

---

[7] Application note 3 provides an example of this rule:

For example, in a case in which: (1) the guideline range applicable to the defendant at the time of sentencing was 41 to 51 months; (2) the original term of imprisonment imposed was 41 months; and (3) the amended guideline range determined under subsection (b)(1) is 30 to 37 months, the court shall not reduce the defendant's term of imprisonment to a term less than 30 months.

        Respectfully submitted,

        NORA R. DANNEHY
        ACTING UNITED STATES ATTORNEY

By:    JONATHAN FREIMANN
        ASSISTANT UNITED STATES ATTORNEY
        Federal Bar No.ct 02386

For:   CHRISTOPHER W. SCHMEISSER
        SENIOR LITIGATION COUNSEL
        Federal Bar No. CT14806
        157 Church Street, 23rd Floor
        New Haven, CT  06510
        Tel.: (203) 821-3754
        Fax: (203) 773-5378
        christopher.schmeisser@usdoj.gov

**CERTIFICATE OF SERVICE**

I hereby certify that on this 18th day of April, 2008, I caused a copy of the foregoing Notice to be sent by first-class mail, postage prepaid, to the following:

Richard S. Cramer, Esq.
250 Hudson St.
Hartford, CT 06106

        By:    JONATHAN FREIMANN
                ASSISTANT UNITED STATES ATTORNEY

        For:   CHRISTOPHER W. SCHMEISSER
                SENIOR LITIGATION COUNSEL